United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SAMUEL TRUJILLO ARIAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00788** |
| | § | |
| **WARDEN WEBB COUNTY DETENTION CENTER, *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Esmeralda Trujillo Arias as next of friend of *pro se* Petitioner Samuel Trujillo Arias ("Petitioner") on April 29, 2026. (Dkt. 3.) Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). He argues that his detention without a bond hearing has become unconstitutionally prolonged in violation of the Fifth Amendment and continued detention will prevent him from meaningfully pursuing his immigration case. (*Id.* at 10–14.) In response, Respondents filed an Advisory Regarding Intent to Remove Petitioner, Response to Petition for Writ of Habeas Corpus, and Motion to Dismiss, (Dkt. 9), on May 5, 2026, notifying the Court that Petitioner was subject to a removal order that became final on April 2, 2026, when the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal and that Respondents intended to effectuate Petitioner's removal promptly. (*Id.* at 1–2, Attach. 1.)

Respondents subsequently submitted an advisory to the Court confirming that Petitioner was removed from the United States on May 29, 2026. (Dkt. 18.) "A case becomes moot only

when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration of his post-removal-order detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on May 29, 2026. (Dkt. 18, Attach. 1.) Because Petitioner challenged only his ongoing detention and he has now been released from confinement in DHS custody, his claims are moot because there is no relief to be effectuated by the Court. If future detention does occur, Petitioner may file another habeas corpus petition asserting his claims at that time.

Accordingly, it is hereby **ORDERED** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

The Clerk of Court is also **DIRECTED** to mail Petitioner's next of friend a copy of this Order by any receipted means to the following address:

**Esmeralda Trujillo Arias**
**941 Millstone Rd.,**

**Sag Harbor, NY 11963**

IT IS SO ORDERED.

SIGNED this June 1, 2026.

Diana Saldaña
United States District Judge